IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSCAR ALVARADO | : | CIVIL ACTION |
| *Petitioner, pro se* | : | |
| | : | NO. 17-3283 |
| v. | : | |
| | : | |
| TREVOR WINGARD, *et al.* | : | |
| *Respondents* | : | |

# ORDER

**AND NOW**, this 16th day of December 2019, upon consideration of the *pro se* petition for writ of *habeas corpus* filed by Petitioner Oscar Alvarado ("Petitioner") pursuant to 28 U.S.C. § 2254, [ECF 1], Respondents' response to the petition, [ECF 13], Petitioner's reply, [ECF 16], the state court record, the *Report and Recommendation* (the "R&R") issued by the Honorable Jacob P. Hart, United States Magistrate Judge ("the Magistrate Judge"), recommending that the Petition be denied, [ECF 17], and Petitioner's *pro se* objections to the R&R, [ECF 22, 23], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] Following a jury trial, Petitioner was found guilty of second-degree murder, robbery, and carrying a firearm without a license, and sentenced to a mandatory term of life imprisonment. In his *habeas* petition, Petitioner asserts multiple claims arising out of his trial and appellate counsels' failure to adequately argue and/or preserve his challenge to the admissibility of a statement by a non-testifying co-defendant as violative of the Confrontation Clause. The Magistrate Judge issued a thoroughly well-reasoned twenty-nine page R&R, in which each of Petitioner's claims were addressed and rejected. The Magistrate Judge found that the bulk of Petitioner's claims were procedurally defaulted.

In his objections to the R&R, Petitioner focuses on the Magistrate Judge's findings with respect to his *Bruton* claim. In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that the introduction of a statement of a non-testifying co-defendant which implicates the defendant by name violates the Confrontation Clause. *Id.* at 126. Though the Magistrate Judge found that Petitioner had adequately supported a *Bruton* claim, the Magistrate Judge concluded that, in light of the other overwhelming evidence of Petitioner's guilt, the error was harmless and, therefore, Petitioner had not shown the actual prejudice necessary to overcome the procedural default of the claim. In now

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

challenging the Magistrate Judge's findings, Petitioner merely repeats and rehashes arguments made in his petition and original filings in support. As such, Petitioner's objections are nothing more than an attempt to re-litigate arguments raised in his original filings. This Court finds that the Magistrate Judge correctly concluded that the *Bruton* violation was harmless because the overwhelming evidence supported the jury's guilty verdict. This Court has reviewed the pertinent portions of the record *de novo* and finds that the Magistrate Judge committed no error in the analysis of Petitioner's claims. Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.